[Civ. No. 16758.   Second Dist., Div. Two.   Apr. 8, 1949.]

H. W. UNDERHILL, Appellant, v. LUCILE LILLIAN
HOAG, Respondent.

William Ellis Lady for Appellant.

Laurence Phillips for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to establish a joint venture and to recover the reasonable value of labor and material furnished defendant Hoag by plaintiff, plaintiff appeals.

## FACTS

On November 26, 1945, defendant purchased a lot in Los Angeles County for the sum of $2,500 in cash. On January 6, 1946, plaintiff and defendant entered into a written contract by the terms of which plaintiff agreed to build a dwelling house on defendant's lot for the contract price of $13,342. In January, 1946, defendant obtained a loan from the Southern

Federal Savings and Loan Association in the sum of $9,000. The building was not completed when defendant moved into it on January 2, 1947. The work had been commenced upon it March 26, 1946.

## QUESTIONS

First: *Was there substantial evidence to sustain the following findings of the trial court?*

(A) *That it was untrue that during the month of December, 1945, as alleged by plaintiff, he and defendant made an agreement of joint venture in the ownership and improvement of the real property described in the complaint.*

This finding is supported by the direct testimony of defendant in which she denied ever having entered into any joint venture agreement with plaintiff.

(B) *That plaintiff and defendant entered into a written contract whereby plaintiff agreed to construct a residence for defendant for a total consideration of $13,342, and that plaintiff failed to complete the contract.*

This finding was supported by: (1) the written contract which was received in evidence executed by both parties, and testimony that at the time the copy was delivered to defendant she received also a copy of the plans and specifications for the building; and (2) direct testimony of defendant that when she moved into the house it was not completed, and as to the amount of money expended by her to complete the house. In addition there was received in evidence the receipted bills for moneys which defendant had expended for the completion of the work.

(C) *That it is not true that at the special instance and request of defendant and her promise to pay therefor, plaintiff made improvements upon the real property owned by defendant to the reasonable value of $20,259.90, and that all the work, labor, services performed and materials furnished by plaintiff were furnished in pursuance of a written contract so to do for the total amount of $13,342.*

This finding is supported by ample direct testimony of defendant wherein she denied that she had ever discussed with plaintiff any claimed "extras" and stated that she had never authorized or approved any work to be done by plaintiff in addition to the specifications which were a part of their written contract.

(D) *That the contents of plaintiff's affidavit denying the execution of the building contract were untrue; that is,*

*it was not true that the contract of January 6, 1946, was executed with the intent that it should not become a binding contract, that it was a mere matter of form; but that the parties entered into the contract with the intention that it should become a valid and binding agreement between them.*

This finding is amply supported by defendant's testimony and the testimony of witness Royce H. Heath, president and manager of the building and loan company, who testified that he never told either plaintiff or defendant it was necessary to have such a document before they could obtain a loan from his institution.

Second: *Did the trial court err in not giving plaintiff judgment for the amount of the written contract together with the cost of extras, architect's and contractor's fees after giving credit for the moneys received by him from defendant and the loan company?*

This question must be answered in the negative in view of findings (B) and (C), *supra.*

Third: *Did the trial court commit error in not rendering a judgment for the amount of the written contract plus the "extras" leaving out payment of fees?*

This question must likewise be answered in the negative for the reason set forth in answer to the second question, *supra.*

Fourth: *Did the trial court err in not giving plaintiff judgment for the sum of $1,177.49, which defendant admitted remained unpaid on account of the contract, which sum she alleged she was willing to pay plaintiff upon completion of his contract in accordance with its terms?*

This question must also be answered in the negative for the reason that it was a condition precedent to plaintiff's right of recovery that he prove he had completed the contract he had entered into in accordance with its terms. This the trial court found, supported by substantial evidence, he had not done. (See finding (B), *supra.*) Hence plaintiff was not entitled to recover this sum.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1949.